February 16.
JUDGE CARR.
This is an action of detinue. The facts are these: On the 4th of January, 1804, the Defendant Dunkly executed a Deed of Gift, conveying Jenny, a slave, to the female Plaintiff, then an infant of tender years. The Deed has this clause: “I have delivered the above named negro to the said N. W. Sawyers, which I am to keep the said negro, and raise it for the above named N. W. Sawyers, until the said Nancy is thirteen years old.” There were two subscribing witnesses to the Deed; by one of whom it was proved in the County Court of Halifax in June, 1804; but, no further proof being made, it was never recorded. The execution of the Deed was proved-at the *trial by a subscribing witness. Before the execution of the Deed, but on the same day, the slave was delivered to N. W. Sawyers; and immediately after the Deed was executed, she was taken back into the possession of the Defendant, upon, the terms mentioned in the Deed; the said; slave and the said Nancy being both at that time under one year old. The Defendant had (excepting the aforesaid delivery and taking back) remained in possession of the slave, from her birth ^ nor had the donee ever lived with him. On this state of facts, the Court (on the-motion of the Defendant) instructed the Jury, “that the said Deed did not pass such an estate, as to enable the Plaintiffs to recover in this action: that to make the gift of a slave valid, such gift must be evidenced by Will or Deed, proved by two witnesses, or acknowledged and recorded within eight months, or the slave must be delivered to, and remain in, the possession of, the donee, or some third person claiming under such donee, so that the possession of the donor must be entirely broken up.” Upon this instruction, the Jurv found a verdict for the Defendant; and this Court awarded a Supersedeas. We are to enquire whether the instruction of the Court be correct. That question depends on the construction given to the 5lst section of our Act concerning slaves, &c., 1 Rev. Code, 432: “No-gift of any slave shall be good, or sufficient to pass any estate in such slave, &c. unless-the same be made by a Will duly proved and recorded, or by Deed in writing, to be proved by two witnesses at the least, or acknowledged by the donor, and recorded according to Law. This section shall be construed to extend only to gifts of slaves, whereof the donors have, notwithstanding such gifts, remained in the possession, and not to gifts of such slaves, as have at any time come into the actual possession of, .and have remained with, the donee, or some person claiming under such donee.”
It was contended for the Plaintiffs, that this was a gift in futuro; and that to-such gifts, the -Act does not apply. *The Deed says, however, that “I, Moses Dunkly, for the consideration of love, &c., have given and granted, and1 by these presents do freely give and grant, unto Nancy Sawyers and her lawful heirs,, &c., one negro girl named Jenny,” &c. These seem clearly to me, to be the words of a present, and not of a future gift; and if this Deed had been proved, or acknowledged, and recorded according to Law, there would have been an end of the question. No future act of Dunkly could have affected the title of the female Plaintiff. The Deed adds, “I am to keep the said negro and raise it for the said Nancy, till she is thirteen.” But, these words relate to the possession merely, and do not postpone the vesting of the right. This, then, being a' gift in prassenti, it is not material to consider whether a gift in futuro be within ■ the operation of the Act.
*641 It was contended, in the second place, that taking this as a gift in praesenti, still it was good, because the possession of the slave being delivered to the donee, and resumed by the donor, for the purposes, and upon the terms, of the Deed, the subsequent possession of the donor was the possession of one claiming under the donee; and so, that the Act was substantially complied with, which requires, that the slave, “shall have come into the actual possession of, and have remained with, the donee, or some person claiming under such donee.”
I confess that my first impressions were strongly m favor of this conclusion ; but, subsequent reflection and investigation have compelled me to change them. 'There are but two classes of gifts of slaves which the Daw tolerates. 1. A gift evidenced by Will or Deed, properly proved and recorded. 2. A gift evidenced by possession passing from the donor to the donee, and remaining with him, or one claiming under him. To place this matter in the clearest light, we must look back to the old Laws on this subject. The Act of 1757, 7 Hen. Stat. at Large, 118, entitled “An Act for preventing fraudulent gifts of slaves,” after stating in the Preamble, “ Whereas many ^frauds have been committed, by means of secret gifts made of slaves, by parents and others, whereby creditors and purchasers have been frequently involved in expensive Law suits, and often deprived of their just debts and purchases,” enacts, that no gift of slaves shall pass any estate, unless by Will or Deed, duly recorded.
In 1758, 7 Hen. Stat. at Large, 237, there is a Law with exactly the same title, and with enactments almost exactly like the last. The only material difference respects the continued possession of the donor. Thus, “whereas many frauds have been committed by means of secret gifts, made, or pretended to have been made, by parents and others, (who have notwithstanding remained in possession of such slaves, as visible owners thereof,) whereby creditors,” &c. just as in the former. Here, we see what was meant by possession remaining with the donor.
These Acts remained in force unaltered, till October, 1787, 12 Hen. Stat. at Large, 505, when an Act passed to “explain and amend the Acts for preventing fraudulent gifts of slaves.” The Preamble is uncommonly long and particular in its recitals. It first recites substantially the whole of the Acts of 1757-8; and then states, that “whereas, in the general construction of these Acts, it has been understood, that they were not intended to interfere between donor and donee, further than to prevent deceptions and frauds, and that the enacting parts of the said Acts extended only to secret gifts of slaves, and whereof the donor retained possession ; and not to gifts where the possession had been in the donee; and many parents and others have, since the said recited Acts, made gifts of slaves to their children and others, without Deed in writing, and such donees have continued in possession of the slaves so given, under a delivery at the time of making, or after such gifts, by which the donees have been considered as the owners of such slaves, and have obtained credit thereby; and whereas, from a late adjudication, in a question arising on the said recited Acts, it was determined that all *gifts of slaves, since the said Acts, are void, unless made in writing, or confirmed by Will, as in the said Act is directed; which late adjudication, by disquieting and disturbing possessions, will tend to produce infinite disputes and litigation, and contrary to the intent of the donors, to deprive children of the provisions made for them by their deceased parents, injure husbands who have married women, possessed of slaves under such gifts, defraud creditors and purchasers under such donees, and multiply the mischiefs the said Acts were intended to remedy; for prevention whereof, Be It Enacted, that the said recited Acts for preventing fraudulent gifts of slaves, shall, from and after the passing of this Act, be construed to extend only to gifts of slaves, whereof the donors have, notwithstanding such gifts, remained in possession ; and not to gifts of such slaves, as have at any time come into the actual possession of, and remained with, the donee, or some person claiming under such donee.”
I have quoted the Preamble and enacting clause of this Act, thus specially, because they seem to me to show more clearly than any argument, what the Legislature meant. 1. We have stated the mischief intended to be remedied. “Gifts, made or pretended, of slaves, by parents, &c. who have, notwithstanding, remained in possession of such slaves, as visible owners.” To remedy this evil the Acts of 1757-8 were passed. When the Courts came to act upon these Laws, they pronounced all gifts of slaves void, unless by Deed or Will, although possession had been delivered at the time of the gift, and remained ever after with the donee. The Preamble declares, this construction wrong : that the Laws only intended to avoid gifts of slaves, where there was no Deed or Will, and the donor had retained possession; and did not extend to gifts, where the possession had been in the donee. The Preamble then points out the mischiefs which the adjudication tended to produce; and every case it puts, shows that the possession of the donee was meant to be an actual, abiding, permanent ^'possession ; one wholly incompatible with a continuing possession of the donor. This, then, is my conclusion. A gift of slaves may be by Will or Deed, properly proved and recorded. In this case, no matter where the possession is, the solemnity of the instrument, and the record, give notice to the World. A gift of slaves may also be without Will or Deed. But then there must be something to give fair notice, to the World, of the change of ownership: and for this, nothing less will answer than that possession (the indicium of title) shall pass from the donor to the donee, and remain with the donee, or some person claiming under him.
Does the gift before us, belong to either of those classes? It is by Deed properly executed and attested, but never recorded ; *642 and the Act declares, that no gift of a slave shall pass any estate in such slave, unless by Will or Deed in writing, to be proved by two witnesses at least, or acknowledged and recorded, according to Law. This gift, then, by Deed never recorded, passes no estate in the slave. The Deed at least is wholly inoperative; and, if the gift be validi it must be on the only other ground known to the Daw; possession.
On the day of executing the Deed, the donor delivered to the donee (not then one year old) the slave Jenny ; and upon the execution of the Deed, immediately resumed possession, to hold for the donee; and has held the slave ever since. Is this such an actual and abiding possession in the donee, or one claiming under her, as will satisfy the Law? I am obliged to say, that I think not. The very mischief which the law intended to prevent, was “the donor’s remaining in possession of the slave as the visible owner,” notwithstanding the gift. Is not this case within that mischief? A man, at his own house, makes a mere formal delivery of the slave, for a moment, to an infant of a few months old; then resumes it, and holds it ever after.
But, it is said, he resumes and holds it for the child; and that his possession is hers. What is the evidence of this? *A witness proves it, and the sealed paper declares it. But, is this the evidence required by the Law, to give notice to the World, that though the possession remains with the donor, its character is changed? No 1 Such evidence can only be furnished by a Deed, to be proved by two witnesses at least, or acknowledged by the donor, and recorded according to Law.
It was said in the argument, suppose, when a gift of a slave is made to an infant, possession is delivered by the donor, to a third person, (the.father, for instance,) to hold for the infant; will not this be a valid gift? I answer, yes, undoubtedly; for, in such case, the reason and policy of the Law are satisfied. The possession of the donor is broke up. He is no longer the visible owner; no longer retains that indicium of title, calculated to deceive the World : the possession passes substantially to the donee, and remains with the father as a trustee for him. The object of this Act being to prevent fraudulent gifts of slaves, and thereby to protect creditors and purchasers, it would seem reasonable to have placed unrecorded Deeds of gift of slaves, on the same ground, on which the Statute of Frauds places those Deeds which it declares fraudulent and void, as to creditors and purchasers; but which it still pronounces valid between the parties. This, however, was matter of Legislative discretion. The Law is not so written; for, it declares that the Deed shall pass no estate in slaves, unless executed and recorded according to Law.
I think the instruction of the Court was right, and that the Judgment must be affirmed.
The other Judges concurred, and the Judgment was affirmed.*

Jtjdges Cabell, and Green, absent.